**VIRGINIA**

### IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

| | |
|---|---|
| **REBECCA SHAFFER** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**KROGER LIMITED PARTNERSHIP I** )<br>Serve: Corporation Service Company )<br>100 Shockoe Slip, 2nd Floor )<br>Richmond, VA 23219 )<br>)<br>**Defendant.** ) | Case No. _____ |

### COMPLAINT

Plaintiff Rebecca Shaffer, by counsel, seeks judgment against Defendant Kroger Limited Partnership I on the grounds and in the amount set forth herein for injuries she sustained in an incident in the parking lot of the Mechanicsville Kroger located at 6335 Mechanicsville Turnpike, Mechanicsville, Virginia 23111 on or about June 28, 2019.

### PARTIES

1. Plaintiff Rebecca Shaffer ("Ms. Shaffer") is a resident and domiciliary of the Commonwealth of Virginia.

2. Defendant Kroger Limited Partnership I ("Kroger") is a foreign corporation with its principle office located in Ohio.

### VENUE

3. Venue is proper under Virginia Code § 8.01-262(2) because Kroger's registered agent is located in Richmond, Virginia.


EXHIBIT B

## FACTUAL ALLEGATIONS

4. On or about June 28, 2019, Ms. Shaffer was lawfully on the premises of the Kroger grocery store located at 6335 Mechanicsville Turnpike, Mechanicsville, Virginia 23111 (the "Premises"), as an invitee.

5. At that same time and place, as Ms. Shaffer was walking through the parking lot toward the entrance to the store, also owned and maintained by Kroger and considered part of the Premises.

6. It is common knowledge among those familiar with parking lot maintenance that cracks, gaps, buckling, and other disrepair to asphalt pavement in parking lots presents a tripping hazard and creates a dangerous condition for shoppers.

7. There were present, at all times relevant to this action, cracks, gaps, buckling, and other areas of disrepair of the asphalt pavement in the parking lot owned and maintained by Kroger.

8. As Ms. Shaffer walked across the parking lot, the heel of her left shoe became lodged in a large crack/gap in the asphalt pavement.

9. As a result of her heel becoming lodged, Ms. Shaffer tripped, lost her balance, and fell onto her left arm and wrist.

10. As a result of this fall, Ms. Shaffer suffered a severe injury to the triangular fibrocartilage complex of her left wrist and severe impingement of the ulnar nerve in her left elbow.

## COUNT I – NEGLIGENCE

11. Ms. Shaffer repeats and realleges all of the forgoing paragraphs as if fully pleaded herein.

12. Kroger owned and operated the Premises where Ms. Shaffer fell and sustained injuries on June 28, 2019.

13. The Premises were open to the public for shopping. Ms. Shaffer, as a member of the public, was there for that reason. As such, Ms. Shaffer was an invitee of Kroger.

14. Ms. Shaffer, as an invitee had the right to assume that the Premises were safe for her visit.

15. Kroger had a duty of reasonable care in maintaining the Premises in a safe condition for invitees. This duty included inspecting the Premises— to include the parking lot— for defects which may cause unsafe conditions for invitees; making repairs to ameliorate unsafe conditions; and taking reasonable care to maintain the Premises in a safe condition for invitees.

16. Kroger breached its duty of reasonable care by allowing a number of defects, such as the one Ms. Shaffer was injured by, to accumulate on the Premises.

17. Kroger's employees/agents knew or should have known that the negligently maintained asphalt pavement in the parking lot presented a tripping hazard to shoppers.

18. The cracks, gaps, buckling, and other areas of disrepair of the asphalt paving created an unsafe condition.

19. The unsafe condition was actively created by the acts and/or omissions of Kroger or its agents.

20. Kroger owed Ms. Shaffer a duty to use ordinary care in maintaining the Premises in a reasonably safe condition for her use.

21. Kroger breached this duty when it failed to use ordinary care in ensuring that all cracks, gaps, buckling, and other areas of disrepair was properly maintained, repaired, and/or

clearly marked so as to not present a tripping hazard and create a dangerous condition for invitees, and was otherwise negligent.

22. Kroger's negligence was a direct and proximate cause of Ms. Shaffer's fall and her resulting injuries and damages.

23. As a result of Kroger's negligence, Ms. Shaffer was severly injured and suffered the following damages: physical pain and mental anguish, past, present, and that which she may be reasonably expected to suffer in the future; mental disfigurement, deformity, and associated humiliation and embarrassment; inconvenience, past, present, and that which she may reasonably be expected to suffer in the future; medical expenses, past, present, and that which she may be reasonably be expected to incur in the future, lost earnings and loss of earning capacity, past, present, and that which she may reasonably be expected to suffer in the future; and has otherwise been damaged.

WHEREFORE, Ms. Shaffer respectfully prays for judgment against Defendant in the sum of ONE MILLION DOLLARS ($1,000,000.00) and interest from the date of this incident, pursuant to Virginia Code § 8.01-383, plus his costs expended herein.

**A JURY TRIAL IS REQUESTED.**

Respectfully submitted,

REBECCA SHAFFER

By: _____
            Counsel

Jonathan E. Halperin (VSB No. 32698)
Andrew Lucchetti (VSB No. 86631)
Halperin Law Center, LLC
5225 Hickory Park Drive, Suite B
Glen Allen, VA 23059
Phone: (804) 527-0100
Facsimile: (804) 597-0209
jonathan@hlc.law
andrew@hlc.law